UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No. 3:14CR 163 (JCH) |
| : | |
| v. : | Violation: 18 U.S.C. §1621(2) (Perjury) |
| : | |
| EL MEHDI SEMLALI FATHI : | |

United States District Court
District of Connecticut
FILED AT   NEW HAVEN
7/24/14                         20
Roberta D. Tabora, Clerk
By_____
Deputy Clerk

INFORMATION

The United States Attorney charges:

COUNT ONE
(Perjury)

1.  At all times relevant to this Information, the defendant EL MEHDI SEMLALI FATHI ("FATHI") was a native and citizen of the Kingdom of Morocco and most recently resided in Bridgeport, Connecticut.

2.  On or about January 8, 2008, FATHI was admitted into the United States after obtaining a student visa. FAHTI's student visa was terminated on or about February 20, 2009. Although FATHI no longer had legal status in the United States, he failed to leave the United States. In or about December 2010, FATHI was detained in immigration custody as a result of an arrest in Virginia.

3.  While FATHI was detained in immigration custody, he met an individual who explained refugee relief to him. FATHI reviewed certain country reports relating to Morocco and fabricated a refugee application (I-589) based on events that he learned about in the country reports. Thereafter, FATHI prepared and filed under penalty of perjury a false refugee application in an effort to obtain refugee relief and remain in the United States.

1

4. In or about June 2011, FATHI made an application for bond before an Immigration Judge in Virginia. FATHI was able to pay his bond and was released from immigration custody. After his release from immigration custody, FATHI moved to Bridgeport, Connecticut. FATHI'S immigration case was transferred to Connecticut.

5. On or about September 7, 2011, FATHI appeared in immigration court in Hartford, Connecticut, with counsel. He represented to the Immigration Judge in Hartford that he had completed an I-589 refugee application and that all of the information on the I-589 form was accurate when, in fact, FATHI knew that all of the information in support of his refugee claim was materially false. In Part D of the refugee application, which references 18 U.S.C § 1546(a) and 28 U.S.C. § 1746, FATHI signed the form after the following certification: "I certify, under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it are all true and correct[.]"

6. While his immigration proceedings were pending, FATHI traveled to California, where he was arrested and held in immigration custody. FATHI'S immigration proceedings were transferred to California. In or about January 2013, FATHI falsely represented to an Immigration Judge in Adelanto, California that his refugee application was true and accurate when, in fact, FATHI knew it to be materially false.

7. On or about August 13, 2013, FATHI also committed perjury before an Immigration Judge in Adelanto, California when he testified in support of his refugee application. At that time, FATHI made materially false statements, including that he was arrested and persecuted several times by the Moroccan authorities, when, in fact, he was never arrested or persecuted by the Moroccan authorities.

8.   As part of his fabricated asylum story, FATHI told the Immigration Judge in California that while he attended a university in Marrakech he participated in demonstrations that caused him to be arrested by the Moroccan authorities, when, in fact, he never attended any university in Marrakech or was arrested by Moroccan authorities.

9.   During the time period that FATHI claimed that he had been arrested and savagely beaten by the Moroccan authorities, he was, in fact, completing two courses at two separate local colleges in Kenitra, Morocco. In truth, FATHI was never arrested or savagely beaten by the Moroccan authorities.

10.  In or about September 2011, in the District of Connecticut, and elsewhere, FATHI did provide a material written application for asylum to an Immigration Judge in Hartford, Connecticut, executed under penalty of perjury under the format of 28 U.S.C. § 1746, in which he did willfully and knowingly state material matter that he did not believe to be true, by falsely representing to the Immigration Judge that his I-589 was accurate.

In violation of Title 18, United States Code, Section 1621(2).

UNITED STATES OF AMERICA

_____
DEIRDRE M. DALY
UNITED STATES ATTORNEY

_____
KRISHNA R. PATEL
ASSISTANT UNITED STATES ATTORNEY

_____
STEPHEN B. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY