

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*  (203)821-3700
*157 Church Street, 25th Floor*  *Fax (203) 773-5376*
*New Haven, Connecticut 06510*  *www.justice.gov/usao/ct*

July 24, 2014

Paul Thomas, Esq.
Assistant Federal Defender
10 Columbus Boulevard, 6th Floor
Hartford, CT 06106

Re: United States v. Fathi
    Criminal No. 3:14CR163(JCH)

Dear Attorney Thomas:

This letter confirms the plea agreement between your client, El Mehdi Semlali Fathi (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government" or "this Office") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

The defendant agrees to waive his right to be indicted and to plead guilty to a one-count information charging him with perjury, in violation of 18 U.S.C. § 1621.

The defendant understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

1. The defendant must be under oath during the testimony, declaration or certification, unless the perjurious statement is an unsworn declaration permitted by 28 U.S.C. § 1746;

2. The defendant made a false statement;

3. The defendant willfully made the false statement with knowledge of its falsity, rather than as a result of confusion, mistake or faulty memory; and

4. The false statement must be material to the proceedings.

## THE PENALTIES

This offense carries a maximum penalty of 5 years of imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than 3 years to begin at the expiration of any term of imprisonment. The defendant understands that, should he violate any condition of the supervised release, he may be required to serve a further term of imprisonment of up to 2 years with no credit for time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the

defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under Sentencing Guideline § 1B1.3, and (2) truthfully disclosing to the Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his plea of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

<u>Stipulation</u>

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation, which is attached to and made a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

<u>Guideline Stipulation</u>

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2J1.3 is 14. 3 levels are added because the perjury resulted in substantial interference with the administration of justice. 3 levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 14.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category II. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 14, assuming a Criminal History Category II, would result in a range of 18 to 24 months of imprisonment (sentencing table) and a fine range of $4,000 to $40,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of up to 3 years. U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence. The defendant understands that the Government will seek an upward departure or a non-Guidelines sentence of up to 60 months.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties expressly reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

<u>Appeal Rights Regarding Sentencing</u>

The parties reserve their respective rights to appeal and to oppose each other's appeal of the sentence imposed as permitted by 18 U.S.C. § 3742.

<u>Information to the Court</u>

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will

*Page 5*

discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is knowingly and intelligently waiving his right to be indicted.

### Waiver of Venue

In the event that venue is not proper in the District of Connecticut, the defendant understands that by entering a plea to this Information, the defendant is knowingly, intelligently and voluntarily waiving his Constitutional right to a trial by an impartial jury in a particular place or "venue" – namely, in a state and district where the crime was committed. By entering into this plea agreement, the defendant expressly acknowledges that he is knowingly, intelligently and voluntarily waiving his Constitutional right to be tried in a district or districts where venue is proper; he is knowingly, intelligently and voluntarily waiving his right to be prosecuted and tried in such districts; and he knowingly, intelligently and voluntarily consents to the disposition of this case in the District of Connecticut. Such a waiver of right to be tried in the state and district where a crime was committed is constitutionally permissible. *See Singer v. United States*, 380 U.S. 24, 35 (1965).

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that

by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Discovery Rights

The defendant understands that if he did not enter into a plea of guilty and elected to go to trial that he would be entitled to receive extensive discovery, including disclosure of impeachment information. By agreeing to plead guilty, defendant is knowingly, intelligently, and voluntarily agreeing to waive any right to discovery. Moreover, the defendant recognizes that the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant. *See U.S. v. Ruiz*, 536 U.S. 622, 623 (2002). The defendant recognizes that certain discovery obligations would be triggered if the defendant did not waive his right to be indicted. By waiving his right to be indicted, and by agreeing to plead guilty to an Information, the defendant knowingly, voluntarily and willingly is waiving his right to discovery.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force,

intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

### Waiver in Right of Immigration Status

The defendant understands that pleading guilty will have consequences with respect to his immigration status because he is not a citizen of the United States and because he is admitting to falsely acquiring immigration benefits. The defendant acknowledges that he fabricated his asylum story and therefore he falsely obtained his current withholding of removal status. Because he acquired his immigration status by committing perjury, the defendant agrees that if his immigration proceedings have not been reopened, he will not oppose the reopening of his proceedings and through his counsel will inform the immigration judge within 5 days of entering into this plea agreement that he falsified his refugee application as well as perjured himself and will accept a final order of removal to Morocco. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Indeed, because the defendant is pleading guilty to perjury, removal is presumptively mandatory. Defendant agrees to accept a final order of removal and not in any way challenge his immigration status in the United States. Although removal and other immigration consequences are the subject of a separate proceeding, the defendant acknowledges as part of this plea agreement that he is willing to accept a final order of removal to Morocco and not in any way contest his immigration status. The defendant further affirms that he wants to plead guilty, regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea and regardless of any advice the

defendant has received from his counsel or others regarding those consequences. In fact, the Government is advising the defendant that will be removed to his native Morocco from the United States after he completes any sentence for this crime and that the defendant will be permanently barred from re-entering the United States at any time. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction or sentence, based on the immigration consequences of his guilty plea, conviction and sentence.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and to the extent that he had certain rights that he will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms, and in some states, the right to vote. Further, the defendant understands that because he is not a citizen of the United States, a plea of guilty will result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in perjury, which forms the basis of the information in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DEIRDRE M. DALY
UNITED STATES ATTORNEY


_____
KRISHNA R. PATEL
ASSISTANT UNITED STATES ATTORNEY


_____
STEPHEN B. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____      7/24/14
EL MEHDI SEMLALI FATHI                Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____      7/24/14
PAUL THOMAS, ESQ.                     Date
Attorney for the Defendant

*Page 10*

## STIPULATION OF OFFENSE CONDUCT

The defendant El Mehdi Semlali Fathi and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the information:

1. The defendant admits that he is a native and citizen of Morocco.

2. The defendant admits that he obtained a student visa to study at Virginia International University and in that visa application he truthfully stated that he had never previously been arrested in Morocco. Fathi agrees that he was admitted as a student on January 8, 2008, at Washington, Dulles International Airport in Washington, DC and that his student visa status was terminated on or about February 20, 2009 by Virginia International University after he failed all of his classes during the Fall 2008 semester and he failed to register for classes for the Spring 2009 semester. Fathi admits that after his student visa was terminated, he no longer had legal status in the United States and failed to leave the country.

3. The defendant admits that, while in immigration custody, he met an individual who explained refugee relief to him and that he reviewed certain country reports relating to Morocco and fabricated his refugee application based on events that he learned about in the country reports. Fathi admits that he prepared and filed, under penalty of perjury, a false refugee application.

4. The defendant further admits that he committed perjury before an immigration judge when he testified in support of his refugee application.

5. The defendant admits that he made materially false statements including that he was arrested and persecuted several times by the Moroccan authorities when in fact he was never arrested or persecuted by the Moroccan authorities.

6. The defendant further admits that as part of his fabricated asylum story, he told the immigration judge that he attended a university in Marrakech during which he participated in demonstrations that caused him to be arrested by the Moroccan authorities, when in fact he never attended any university in Marrakech nor was he ever arrested by the Moroccan authorities.

7. The defendant admits that during the time period that he claimed that he was arrested and savagely beaten by the Moroccan authorities, he was in fact

completing two courses at two separate local colleges in Kenitra and was never arrested or savagely beaten by the Moroccan authorities.

8. The defendant further admits that at an immigration hearing on or about September 7, 2011, he appeared in immigration court in Hartford, Connecticut, with counsel, and acknowledged that he had completed an I-589 refugee application and that all of the information on the I-589 form was accurate when in fact he knew that all of the information in support of his refugee claim was materially false.

9. Fathi further admits that he repeatedly and materially made false statements to the immigration judge in California during his merits hearing in support of his refugee application.

10. On or about February 17, 2014, a federal agent who is fluent in Moroccan interviewed Fathi. In that interview, Fathi falsely told the federal agent that Moroccan intelligence authorities had arrested him as part of a conspiracy with all of the other members of Jamaat Ansar El-Mehdi, a Moroccan based terrorist group that was dismantled by Moroccan security forces in 2006.

11. The defendant committed a violation of Title 18 as described in Section 1621 by falsely acquiring withholding of removal status.

12. As a result of his perjury, Fathi understands and is willing to accept a final order of removal to Morocco. Fathi also has been notified that this crime is likely an aggravated felony and if so, he will be permanently barred from returning to the United States.

The written stipulation above is incorporated into the preceding plea agreement. The defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

_____
EL MEHDI SEMLALI FATHI
The Defendant

_____
KRISHNA R. PATEL
ASSISTANT UNITED STATES ATTORNEY

_____
PAUL THOMAS, ESQ.
Attorney for the Defendant